**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALINA ALVAREZ, | |
|         **Plaintiff,** | **Civil Action No. 14-117 (FSH)** |
|      v. | **OPINION AND ORDER** |
| QBE INSURANCE CORPORATION, | |
|         **Defendant.** | |

**CLARK, Magistrate Judge**

     **THIS MATTER** comes before the Court by way of motion of Plaintiff Alina Alvarez ("Plaintiff" or "Alvarez") for Leave to Amend her Complaint to add another Defendant, Balboa Insurance Company ("Balboa"). (Dkt. No. 13). Defendant QBE Insurance Company ("Defendant" or "QBE") opposes the motion. (Dkt. No. 22). On December 5, 2014, the Court ordered supplemental submissions from the parties. (Dkt. Nos. 31, 32, 34). The Court has considered Plaintiff's Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, for good cause shown, and for the reasons set forth herein, the Plaintiff's Motion to Amend is **GRANTED**.

     **I.**     **BACKGROUND**

     On November 26, 2013, Plaintiff filed her Complaint in Superior Court of New Jersey. (Dkt. No. 1-1). On January 7, 2014, the action was removed by the Defendant to the United States District Court. (Dkt. No. 1). Defendant filed an Answer on January 13, 2014 alleging, in part, that Plaintiff is not insured under a policy of insurance issued by QBE. (Dkt. No. 4). On August 22, 2014, the Defendant filed its Motion for Summary Judgment which alleges, in part, that Plaintiff has sued the wrong Defendant. (Dkt. No. 11). Defendant contends that Balboa Insurance

1

Company ("Balboa") is the proper defendant in this action.  (*Id.*)  Plaintiff alleges that she first learned she sued the wrong entity when Defendant filed its Motion for Summary Judgment.  (Dkt. No. 13, at ¶ 4).  After the filing of Defendant's motion, Plaintiff represented to the Court that it needed additional discovery in order to file an opposition brief.  Following this request, the Court administratively terminated Defendant's motion so the parties could engage in additional discovery.  (Dkt. No. 15).  The Court eventually entered an Order permitting Defendant to re-file this motion no later than October 24, 2014.  (Dkt. No. 21).

On September 2, 2013, Plaintiff filed the instant motion to amend to replace QBE with Balboa.  (Dkt. No. 13).  Plaintiff alleges that the amendment should be permitted because it relates back to the original filing.  (*Id.*, at ¶ 12).  Plaintiff claims that Balboa had notice and knowledge of the case, claims, and surrounding facts of this litigation.  (*Id.*).  Plaintiff also claims that she had reason to believe that QBE was the proper defendant in the case because correspondence was sent to and replied from QBE, and the Additional Named Insurance Certificate, relative to the policy sued under in this case, was obtained from QBE.  (*Id.*, at ¶ 9).  Further, Plaintiff alleges that QBE, as the general agent and third party administrator for Balboa, has defended this case and is for all practical purposes the same as Balboa.  (*Id.*, at ¶ 11).  Finally, Plaintiff alleges that Balboa would not be prejudiced by this amendment.  (*Id.*, at ¶ 12).

Defendant opposes this motion.  (Dkt. No. 22-8).  Defendant claims that the amendment is only permitted where the applicable statute of limitations allows relation back.  (*Id.*, at 2).  Defendant contends that the Balboa insurance policy at issue has a suit limitation clause which requires that any action be brought within one year after the date of loss and that time has now passed.  (*Id.*).  Defendant also claims that Plaintiff and counsel were fully aware that Balboa was

the proper party prior to filing the suit and therefore Plaintiff could not possibly have made a "mistake" to name QBE instead of Balboa.  (*Id.*, at 2-3).

On December 5, 2015, the Court conducted a telephone conference with the parties to discuss whether there was any "identity of interest" between QBE and Balboa.  During the call, QBE represented to the Court that QBE had purchased Balboa.  QBE explained that when it initially purchased Balboa it continued to act as a third party administrator for Balboa policies until it eventually absorbed Balboa.  Upon learning this information, Plaintiff indicated that she now wants to add Balboa as a defendant to the action, rather than replace QBE with Balboa.  Following this call, the Court ordered supplemental submissions from the parties.  (Dkt. No. 31).  On December 9, 2014, Plaintiff submitted a letter to the Court explaining that there has been "a great deal of confusion as to the relationship between QBE and Balboa until Friday's status conference when it was learned that the parties [QBE and Balboa] are one in the same" since QBE had purchased Balboa.  (Dkt. No. 32).  On December 17, 2015, Defendant submitted a response contending that the amendment would be futile because the amendment would not relate back since Balboa did not have notice of the action.  (Dkt. No. 34).

## II.    DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  A general presumption exists in favor of allowing a party to amend its pleadings.  *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court may deny a motion to amend the pleadings only where there is: (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility

of amendment. *Foman*, 371 U.S. at 182; *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").

In the present case, more than Rule 15(a) is implicated. Defendant alleges that the amendment here would be futile because the amendment does not relate back to the original Complaint and is thus barred by the statute of limitations. An amendment filed after the statute of limitations has expired is barred unless the amendment relates back to the date of the original pleading. Fed. R. Civ. P. 15(c)(1) permits an amendment to relate back to the date of the original pleading if:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c). Defendant contends that Plaintiff has not made a sufficient showing that Balboa had notice of the lawsuit under the "shared attorney" or "identity of interest" theory.

4

The Third Circuit in *Garvin v. City of Philadelphia*, explained that there are two methods by which a district court could impute notice under Fed. R. Civ. P. 15(c)(3).  354 F.3d 215, 223 (3d Cir. 2003).  "The first is the 'shared attorney' method, which is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, 'the attorney is likely to have communicated to the latter party that he may very well be joined in the action.'"  *Id.* (quoting *Singletary v. Pennsylvania Dep't of Corrs.*, 266 F.3d 186, 196 (3d Cir. 2001)).   In analyzing the shared attorney method of imputing notice, the Third Circuit has stated that "[t]he relevant inquiry under this method is whether notice of the institution of this action can be imputed to [the defendant sought to be named] within the relevant 120 day period . . . by virtue of representation [he] shared with a defendant originally named in the lawsuit."  *Singletary*, 266 F.3d at 196.  The second method is the "identity of interest" method, and is related to the shared attorney method.  "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."  *Id.* at 197.

Defendant claims that any confusion Plaintiff experienced as to the identity of the proper party can only be attributed to lack of diligence and not a mistake.  Defendant also claims that Plaintiff has not made a sufficient showing that Balboa had notice of the lawsuit under the "shared attorney" or "identity of interest" theory.  As to the "shared attorney" method, Defendant contends that Plaintiff has made no showing that Balboa was on notice within 120 days of the filing of Plaintiff's Complaint.  As to the "identity of interest" method, Defendant claims that QBE and Balboa did not completely merge identities but that QBE acquired *most* of Balboa's portfolios with Balboa continuing to function as a distinct legal entity.  (Dkt. No. 34).  Based on this, Defendant

claims that Plaintiff has failed to meet her burden of demonstrating that she is entitled to amend under the "identity of interest" theory.

Plaintiff, on the other hand, claims she made a mistake in failing to name Balboa as a defendant.  Plaintiff contends that she learned for the first time that she had sued the wrong party when Defendant filed its Motion for Summary Judgment.  Plaintiff claims that she had reason to believe QBE was the proper defendant in this case because correspondence was sent to and replied from QBE and Plaintiff received the Additional Named Insurance Certificate, relative to the policy at issue, from QBE.  Plaintiff also notes that she requested a certified copy of the insurance policy prior to commencing the action but QBE refused.

Plaintiff contends that because QBE was the general agent and third party administrator for Balboa, that sufficient notice of the action can be imputed on Balboa.  *See Buchanan v. Reliance Ins. Co. (In re Color Tile, Inc.),* 475 F.3d 508, 513 (3d Cir. 2007) ("Where an agent receives notice, that notice is imputed to the principal.") (citing *Am. Sur. Co. v. Pauly*, 170 U.S. 133, 153, 18 S. Ct. 552, 42 L. Ed. 977 (1898)).  Plaintiff further explains that there has been a great deal of confusion as to the relationship between QBE and Balboa until the conference call with the Court.  During that call, it was confirmed that QBE actually purchased Balboa, and Balboa and QBE are virtually same entity.  Plaintiff also alleges that Balboa will not be prejudiced by this amendment because it had sufficient notice of the action.

The Court finds that there is an "identity of interest" between Balboa and QBE.  Not only did QBE purchase Balboa, but QBE was, at all times, the general agent and third party administrator for Balboa, which imputes notice on Balboa of the current action.  Balboa knew or should have known that the action would have been brought against it but for a mistake by Plaintiff concerning the proper party.  Accordingly, the Court finds that Balboa had sufficient notice of this

6

suit and the amendment relates back to the date of the original pleading pursuant to Fed. R. Civ. P. 15(c)(3).

### III.    CONCLUSION

For the foregoing reasons, having considered the parties' written submissions, this Court hereby **GRANTS** Plaintiff's Motion to Amend.  (Dkt. No. 13).  Plaintiff shall file an Amended Complaint within **seven (7) days** of this Order that is consistent with the Court's Opinion. Defendant's pending Motion for Summary Judgment (Dkt. No. 24) is **administratively terminated**.  The Clerk of Court is directed to terminate the aforementioned motions.  (Dkt. Nos. 13, 24).


Dated:  January 28, 2015

                                        s/James B. Clark, III
                                        **HONORABLE JAMES B. CLARK, III**
                                        **UNITED STATES MAGISTRATE JUDGE**